# IN THE SUPREME COURT OF IOWA

No. 13–0071

Filed March 7, 2014

**BANK OF AMERICA, N.A.,** as Successor by Merger to BAC HOME
LOANS SERVICING, L.P. f/k/a COUNTRYWIDE HOME LOANS
SERVICING, LP,

    Appellee,

vs.

**SCOTT A. SCHULTE** and **MARISEL DEL VALLE** a/k/a MARITZA I. DEL
VALLE,

    Appellants.

---

Appeal from the Iowa District Court for Linn County, Nancy A.
Baumgartner, Judge.

Judgment debtors seek review of a district court ruling granting a
judgment creditor's motion to set aside decree after the judgment
creditor served notices of rescission of foreclosure seeking to rescind the
foreclosure action. **AFFIRMED.**

Gary J. Shea of Gary J. Shea Law Offices, Cedar Rapids, for
appellants.

Brian C. Walsh and Kevin M. Abel of Bryan Cave L.L.P., St. Louis,
Missouri, for appellee.

**ZAGER, Justice**.

Almost two years after entry of a foreclosure decree, Bank of America, N.A. (Bank of America) sought to have its foreclosure action rescinded pursuant to Iowa Code section 654.17. Contemporaneously, Bank of America also filed a motion to set aside decree and obtained an ex parte order from the district court setting aside the decree. Scott Schulte and Marisel Del Valle, whose real property had been foreclosed, opposed the motion to set aside decree. They argued neither the motion nor the notices of rescission were timely filed within one year of the entry of judgment as required by Iowa Rules of Civil Procedure 1.1012 and 1.1013 and were therefore barred under the applicable statute of limitations. The district court concluded a two-year limitations period applied under Iowa Code section 654.17. Accordingly, the district court found the rescission notices timely filed and granted Bank of America's motion to set aside the decree. Schulte and Del Valle appealed, and we retained the appeal. For the reasons set forth below, we affirm.

## I. Background Facts and Proceedings.

On June 29, 2009, Scott Schulte executed a promissory note for $228,759 in favor of Liberty Bank, F.S.B. (Liberty Bank). That same date, as security for payment of the note, Schulte and Marisel Del Valle executed a mortgage on real property in favor of Mortgage Electronic Registration Systems, Inc., Liberty Bank's nominee. The note and mortgage were later assigned to BAC Home Loans Servicing, L.P. (BAC).

In May 2010, BAC filed a foreclosure petition alleging Schulte was in default on the note and sought to foreclose on the mortgage. Schulte and Del Valle, acting pro se, answered the petition and admitted Schulte was in default on the note. In July, BAC moved for summary judgment, and Schulte and Del Valle did not resist. The district court granted the

motion for summary judgment. On August 17, 2010, the district court entered a decree of foreclosure.

The next day, the clerk of court issued an execution. A "Notice of Sheriff's Levy and Sale" was issued on August 31. According to the notice, the sheriff's sale of the foreclosed real property was scheduled to take place in February 2011. For unknown reasons, the sale was later cancelled.

In February 2011, attorney Gary J. Shea entered an appearance on behalf of Schulte and Del Valle. Counsel requested that he and his clients be provided notice of any scheduled sheriff's sale. In July, BAC's attorney withdrew, Bank of America as successor by merger to BAC was added to the caption, and a new attorney entered an appearance on behalf of Bank of America. No motion was made, nor order entered, to substitute Bank of America as the real party in interest.

In March 2012, the clerk issued another execution, and a second "Notice of Sheriff's Levy and Sale" was issued. According to the notice, the sale of the foreclosed real property was scheduled to take place in May. As with the first sale, this second sale was also cancelled.

On July 24, 2012, Bank of America filed a "Notice of Rescission of Foreclosure" with the clerk of court pursuant to Iowa Code section 654.17. This notice was served by regular mail on Schulte and Del Valle but not on their attorney as required by the rules of civil procedure. In compliance with Iowa Code section 654.17(1), Bank of America paid a filing fee of fifty dollars to the clerk of the district court as well as twenty-five dollars to the clerk of the district court for the return of the original loan documents. At that same time, Bank of America also filed a "Motion to Set Aside Decree" requesting that the court set aside the foreclosure decree entered on August 17, 2010. It also requested that the underlying

mortgage remain in full force and effect. On July 26, 2012, the district court granted the motion and entered an order setting aside the foreclosure decree and ordered the mortgage to remain in full force and effect.

On August 10, Schulte and Del Valle filed a motion captioned "Defendants' Rule 1.904(2) Motion" requesting the court reconsider and amend its July 26 order setting aside the foreclosure decree.[1] Schulte and Del Valle argued that the motion to set aside the decree was presented to the court ex parte, without proper notice upon their attorney, and without an opportunity for a hearing. They also argued that the motion was not filed within one year of the entry of the judgment as required by Iowa Rules of Civil Procedure 1.1012 and 1.1013, so it was time barred. Finally, they argued that because the motion was time barred, the notice of rescission was also unenforceable by operation of this statute of limitations. Schulte and Del Valle requested the court deny Bank of America's motion.

On August 14, 2012, Bank of America filed a "Supplemental Notice of Rescission of Foreclosure" with the clerk of court and properly served this supplemental notice on counsel for Schulte and Del Valle. This notice again stated the foreclosure decree entered on August 17, 2010, was rescinded. Six days later, Bank of America filed a resistance to Schulte and Del Valle's purported rule 1.904(2) motion, arguing the notice of rescission was timely because it was filed within the applicable

---

[1]The pleading was not a proper rule 1.904(2) motion. A caption more attuned to the relief sought by Schulte and Del Valle might be a "Motion to Set Aside the Order of the Court." However, the motion's content clarified its aim. After all, "[w]e treat a motion by its contents, not its caption." *Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002).

two-year statute of limitations as provided for in Iowa Code section 615.1.

On August 30, the district court entered an order vacating its July 26 order which had granted the motion to set aside the decree. The order does not include any reference to the notice of rescission or the supplemental notice of rescission. Because the court vacated the order, it found the relief sought by Schulte and Del Valle in their motion moot. The court did, however, set a hearing on Bank of America's motion.

In October, the district court held a hearing on the motion to set aside the decree. That same day, Schulte and Del Valle filed a written resistance to the motion primarily arguing that valid service had not been obtained on counsel. Three days after the hearing, Schulte and Del Valle filed a "Supplemental Resistance to Plaintiff's Motion to Set Aside Decree." Schulte and Del Valle noted that Bank of America was not properly substituted as the plaintiff and argued for the first time that the failure by Bank of America to serve their attorney of record with a copy of the notice of rescission violated their procedural and substantive due process rights under the Federal and Iowa Constitutions.

In its December 13, 2012 ruling, the district court first found that the August 30 order vacating the order setting aside the foreclosure did not set aside the foreclosure as a final matter requiring either an appeal or a rule 1.904 motion. Rather, the order was merely to set the matter for hearing so that Schulte and Del Valle could present their resistance.

In its ruling, the district court rejected Schulte and Del Valle's argument that the notice of rescission was untimely because it was not filed within one year of the entry of the foreclosure decree. Instead, the district court concluded that the statute of limitations referenced in Iowa Code section 654.17 involved the two-year statute of limitations as found

in Iowa Code section 615.1. The district court also concluded that Bank of America exercised its rights in a proper and timely manner to rescind the foreclosure action. Lastly, the district court concluded that pursuant to the language of Iowa Code section 654.17, the rescission operates as a setting aside of the decree of foreclosure and a dismissal of the foreclosure without prejudice. Accordingly, the district court granted Bank of America's motion to set aside the decree. Schulte and Del Valle appealed, and we retained the appeal.

**II. Standard of Review.**

Foreclosure proceedings are equitable proceedings. Iowa Code § 654.1 (2011).[2] Generally, we review equitable proceedings de novo. *Chi. Cent. & Pac. R.R. v. Calhoun Cnty. Bd. of Supervisors*, 816 N.W.2d 367, 370 (Iowa 2012). Because this dispute raises an issue of statutory interpretation, however, our review is for correction of errors at law. *Id.*

**III. Discussion.**

**A. Statutory Interpretation of Iowa Code section 654.17(1).**

The major dispute in this case requires us to interpret Iowa Code section 654.17(1). When interpreting statutes, we seek the legislature's intent. *Schaefer v. Putnam*, 841 N.W.2d 68, 75 (Iowa 2013). Words or phrases that are undefined in the statute or for which there is no established legal meaning are given their common, ordinary meaning in the context within which they are used. *In re Estate of Bockwoldt*, 814 N.W.2d 215, 223 (Iowa 2012). Rather than analyzing words or phrases in isolation, we assess the entire statute. *Hardin Cnty. Drainage Dist. 55, Div. 3, Lateral 10 v. Union Pac. R.R.*, 826 N.W.2d 507, 512 (Iowa 2013). We consider a statute's legislative history, including prior versions of the

---

[2]Unless otherwise noted, all references are to the 2011 version of the Code.

statute. *State v. Romer*, 832 N.W.2d 169, 176 (Iowa 2013). Under the pretext of construction, we may not extend a statute, expand a statute, or change its meaning. *Id.* On the other hand, we look no further than the language of the statute when it is unambiguous. *Estate of Ryan v. Heritage Trails Assocs., Inc.*, 745 N.W.2d 724, 730 (Iowa 2008). A statute is ambiguous if reasonable people can disagree about its meaning. *Bockwoldt*, 814 N.W.2d at 223. We do not believe the statute at issue in this case is ambiguous.

The dispute in this case is straightforward. Iowa Code section 654.17(1), in part, provides:

> 1. At any time prior to the recording of the sheriff's deed, and before the mortgagee's rights become unenforceable by operation of the statute of limitations, the judgment creditor, or the judgment creditor who is the successful bidder at the sheriff's sale, may rescind the foreclosure action by filing a notice of rescission with the clerk of court in the county in which the property is located along with a filing fee of fifty dollars.

Iowa Code § 654.17(1). The parties dispute the applicable "statute of limitations." *Id.* Schulte and Del Valle argue the phrase refers to Iowa's procedural rule on vacating or modifying judgments which provides a one-year period in which to have a judgment vacated or modified. *See* Iowa R. Civ. P. 1.1013(1). If this one-year limitation applies, then Schulte and Del Valle assert neither Bank of America's "Notice of Rescission of Foreclosure" nor its "Supplemental Notice of Rescission of Foreclosure" was timely, both having been filed more than one year after the date of entry of the foreclosure decree.

Bank of America urges a different interpretation, insisting it had at least two years in which to rescind the foreclosure. Bank of America argues the phrase "statute of limitations" refers to Iowa Code section 615.1, which provides in the case of certain mortgages the judgments

entered are void, liens are extinguished, and executions shall not be issued after two years from the judgment entry. *See* Iowa Code § 615.1(1). If Iowa Code section 615.1 provides the applicable time period in which to rescind a foreclosure, Bank of America argues, then its efforts to rescind the foreclosure were timely because both its "Notice of Rescission of Foreclosure" and its "Supplemental Notice of Rescission of Foreclosure" were filed within two years of August 17, 2010, the date of the foreclosure decree.

The requirement that a foreclosure must be rescinded "before the mortgagee's rights become unenforceable by operation of the statute of limitations" does not implicate the one-year limitation prescribed by Iowa Rule of Civil Procedure 1.1013. Key differences among Iowa Rules of Civil Procedure 1.1012, 1.1013, and Iowa Code section 654.17 make clear rule 1.1013 does not provide the limitations period for rescinding a foreclosure.

First, the application of rule 1.1013's one-year limitation is limited to certain specific instances. It requires "[a] petition for relief under rule 1.1012" to "be filed and served in the original action within one year after the entry of the judgment or order involved." Iowa R. Civ. P. 1.1013(1). Rule 1.1012 contains a discrete set of remedies a court may provide postjudgment. A court may correct, vacate, or modify a judgment, or it may grant a new trial. *Id.* r. 1.1012. Rescission of a foreclosure action, on the other hand, is not among the remedies provided under rule 1.1012. *See id.*

Moreover, unlike a petition under rule 1.1012, which is "concerned with the impropriety of the judgment," filing the rescission notice rescinds the entire "foreclosure action." Iowa R. Civ. P. 1.1016 official cmt. (first quoted material); Iowa Code § 654.17(1) (second quoted

material). The statute provides that upon filing of the notice, "the rights of all persons with an interest in the property may be enforced *as if the foreclosure had not been filed.*" Iowa Code § 654.17(2) (emphasis added). Unlike the procedure under rule 1.1013, which in some cases contemplates a new trial on the same claims, the foreclosure rescission statute thus makes it as though the foreclosure action had not taken place at all. *See id.*

Next, the procedural rule permits a court to provide a remedy on specified grounds: "[m]istake, neglect or omission of the clerk;" irregularity or fraud in obtaining the judgment; "[e]rroneous proceedings against a minor or person of unsound mind;" a party's death before entry of the judgment; unavoidable casualty or misfortune; or newly discovered material evidence. Iowa R. Civ. P. 1.1012(1)–(6). Unlike rule 1.1012, Iowa Code section 654.17 does not require the rescinding party to specify any reason for rescinding the foreclosure. *See* Iowa Code § 654.17(1). In fact, at the hearing on the motion to set aside the decree, the district court bluntly asked Bank of America's attorney why it was rescinding the foreclosure. Bank of America offered no reason, but it did not need to. The foreclosure rescission statute permits rescission for no reason at all. *See id.*

Finally, Iowa Code section 654.17, unlike rule 1.1012, does not depend on a court granting a remedy:

> 2. Upon the filing of the notice of rescission, the mortgage loan shall be enforceable according to the original terms of the mortgage loan and the rights of all persons with an interest in the property may be enforced as if the foreclosure had not been filed.

*Id.* § 654.17(2). Thus, the mortgage loan becomes enforceable when the notice of rescission is filed, not after action by a court as required by rule

1.1013.[3] *See, e.g.*, Iowa R. Civ. P. 1.1013(4) (permitting a court to "try and determine the validity of the grounds to vacate or modify a judgment or order before trying the validity of the claim or defense").

In spite of these undeniable differences, Schulte and Del Valle note we have found that a mortgagor's petition to vacate must be filed within one year of the entry of the foreclosure decree. *See Holmes v. Polk City Sav. Bank*, 278 N.W.2d 32, 35 (Iowa 1979) (rejecting a petition to vacate as untimely under the predecessor to rule 1.1013). They insist we should impose the same temporal limitation on Bank of America under the foreclosure rescission statute. In *Holmes*, the mortgagor against whom the court entered a default judgment, sought specifically to vacate the judgment on the ground that the original notice in the foreclosure action was defective. *Id.* We described the defect as a "mere irregularity" and concluded the mortgagor's petition to vacate had to be filed within one year, which the mortgagor failed to do. *Id.*

Here on the other hand, Bank of America, the judgment creditor and mortgagee, did not complain of any irregularity in obtaining the foreclosure decree, and it did not seek to have the foreclosure decree vacated. Rather, it sought to make use of the specific procedure for rescinding a foreclosure that the legislature made available to a party in its position. *Holmes* is thus a different case than the one before us.

The differences between rescinding a foreclosure decree and vacating or modifying a judgment make clear Bank of America was not seeking relief "under rule 1.1012." Iowa R. Civ. P. 1.1013(1). As the one-year limitation in rule 1.1013 only applies to petitions for relief under

---

[3]Though as part of its cautious approach Bank of America filed a motion in addition to the notice, the plain language of Iowa Code section 654.17 does not require the rescinding party to file both a motion and a notice to rescind the foreclosure. *See* Iowa Code § 654.17(1)–(2). Filing the notice and payment of the filing fee is sufficient.

rule 1.1012, the one-year limitation is not implicated by the explicit reference to a statute of limitations made in Iowa Code section 654.17(1). Therefore, a notice of rescission under Iowa Code section 654.17 is not required to be filed within one year of the entry of the foreclosure decree.

Having decided Bank of America was not required to file its notice of rescission within one year of the entry of the foreclosure decree, we need not go much further. The second notice was filed within the two-year limitations period under Iowa Code section 615.1. Section 615.1(1) prohibits executing on judgments in certain actions after two years:

> 1. After the expiration of a period of two years from the date of entry of judgment, . . . a judgment entered in any of the following actions shall be null and void, all liens shall be extinguished, and no execution shall be issued except as a setoff or counterclaim.

> *a.* (1) For a real estate mortgage . . . executed prior to July 1, 2009, an action for the foreclosure of the real estate mortgage . . . upon property which at the time the foreclosure is commenced is . . . used . . . as a one-family or two-family dwelling which is the residence of the mortgagor.

Iowa Code § 615.1(1)(*a*)(1). Judgments are enforced by execution. *Id.* § 626.1. Generally an execution "may issue at any time before the judgment is barred by the statute of limitations," *id.* § 626.2, which generally is twenty years, *see id.* § 614.1(6). Iowa Code section 615.1, however, prescribes a "special statute of limitations" that "was passed with the legislative purpose of aiding judgment debtors." *Lacina v. Maxwell*, 501 N.W.2d 531, 533 (Iowa 1993); *see also Dobler v. Bawden*, 238 Iowa 76, 83, 25 N.W.2d 866, 870 (1947) (explaining the events giving rise to the statute and its "effect" as "an amendment to or an exemption of certain forms of judgment" that would typically fall under the general twenty-year statute of limitations).

The district court entered its decree of foreclosure on August 17, 2010. Bank of America filed its supplemental rescission notice on August 14, 2012, and properly served this notice on counsel for Schulte and Del Valle. Bank of America had previously paid to the clerk of court the fifty dollar filing fee for the rescission and the twenty-five dollar fee for the return of the original loan documents. Bank of America thus completed the rescission of the foreclosure action within the two-year period prescribed by Iowa Code section 615.1. Therefore, the district court did not err when it confirmed the rescission of the foreclosure action and granted the motion to set aside the foreclosure decree.[4]

**B. Additional Arguments of the Defendants.** Schulte and Del Valle assert that the district court lacked jurisdiction to hear this dispute because Bank of America was never properly substituted as the real party in interest. Contrary to this assertion, however, the failure to properly substitute a party is not a jurisdictional issue. Subject matter jurisdiction is conferred by the constitution or statute. *In re Estate of Falck*, 672 N.W.2d 785, 789 (Iowa 2003). There is no doubt the district court has jurisdiction over foreclosure and foreclosure rescission actions. *See* Iowa Code § 654.1, .17. Consequently, this argument lacks merit.

At the core of Schulte and Del Valle's argument is the claim that Bank of America was not the real party in interest. They also make a

---

[4]Bank of America and the district court both acknowledged the possible applicability of a longer, general statute of limitations to which Iowa Code section 654.17(1) may refer. *See* Iowa Code § 614.1(5) (requiring actions "founded on written contracts" to be brought within ten years of accrual of the cause of action); *id.* § 614.21 ("No action shall be maintained to foreclose or enforce any real estate mortgage . . . after twenty years from the date thereof, as shown by the record of such instrument . . . ."). Under the facts of this case, however, it is unnecessary to decide whether one of these longer periods applies under Iowa Code section 654.17(1). Obviously Bank of America's notice of rescission would have been filed well within even the ten-year period under Iowa Code section 614.1(5).

constitutional argument in which they assert the failure by Bank of America to serve their attorney with the first rescission notice violated their rights under the Federal and Iowa Constitutions. However, there is significant dispute between the parties about whether Schulte and Del Valle properly raised these issues for the district court's consideration. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see also State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). To preserve error on even a properly raised issue on which the district court failed to rule, "the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Meier*, 641 N.W.2d at 537.

To determine whether error has been preserved on either issue, we need to review the record. On the substitution issue, there was no pleading on the issue prior to the time of the hearing. At the time of hearing, Schulte and Del Valle made only a fleeting reference to the fact "there's never been a substitution of a successor in interest. But that's just kind of an interesting point." Three days after the hearing, Schulte and Del Valle filed a supplemental resistance to the motion. Again, there is only a brief reference to the substitution issue which is contained in a footnote. Most significant, the district court did not address the substitution issue in its ruling, and Schulte and Del Valle did not file a rule 1.904 motion on this issue. *See Tetzlaff v. Camp*, 715 N.W.2d 256, 259 (Iowa 2006) ("When a district court *does not rule* on an issue properly raised, a party must file a motion requesting a ruling in order to preserve error for appeal."). Accordingly, error was not preserved for appellate review on the issue of the substitution of parties.

Schulte and Del Valle also claim that their procedural due process and equal protection rights were violated under the Federal and Iowa Constitutions, primarily based on proper and timely service of notice. A review of the record, however, does not disclose that these issues have been properly preserved for review. These constitutional issues were not raised in any pleading prior to the hearing, nor were any constitutional arguments raised at the time of hearing. Then in their supplemental resistance filed after the hearing, Schulte and Del Valle argue for the first time of the alleged violation of their constitutional rights if the district court were to eliminate the requirement for mandatory service on a party's attorney. In its ruling, the district court concluded that proper and timely service had been made on the attorney for Schulte and Del Valle, and the district court did not address any constitutional claims raised by them. Schulte and Del Valle did not file a rule 1.904 motion with the district court for a ruling on these issues. Error has not been preserved for appellate review.

**IV. Disposition.**

Iowa Code section 654.17(1) regarding rescission of a foreclosure decree refers to "before a mortgagee's rights become unenforceable by operation of the statute of limitations." Iowa Code section 615.1(1) prohibits a mortgagee from executing on its judgment of foreclosure after the expiration of a period of two years from the date of entry of judgment. Bank of America filed its notices of rescission within this two-year period before its rights became unenforceable pursuant to the statute of limitations. The district court did not err when it confirmed that the rescission action was timely and granted the motion to set aside decree.

**AFFIRMED.**

All justices concur except Mansfield, J., who takes no part.