**IN THE COURT OF APPEALS OF IOWA**

No. 14-0406
Filed October 15, 2014

**RICHARD JONES,**
        Petitioner-Appellant,

**vs.**

**THE ESTATE OF LEONARD JONES and
CARLA SUE JONES, Executor,**
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Clarke County, John D. Lloyd,

Judge.


        A petitioner appeals the district court decision granting a motion to enforce a

consent decree.  **AFFIRMED.**


        David D. Dixon of Heslinga, Dixon, Moore & Hite, Oskaloosa, for appellant.

        Michael K. Thibodeau of Simpson, Jensen, Abels, Fischer & Bouslog, P.C.,

Des Moines, for appellees.


        Considered by Danilson, C.J., and Vogel and Bower, JJ.

**VOGEL, J.**

Petitioner Richard Jones appeals the district court decision granting a motion to enforce a consent decree. Because the narrow issue he raises on appeal was neither presented to nor ruled upon by the district court, he has not preserved error. Therefore, we affirm the decision of the district court.

## I.   Background Facts & Proceedings

Richard filed a petition in equity against the estate of Leonard Jones and the executor of the estate, Carla Jones (the estate), disputing the ownership of certain property claimed by the estate.[1] The parties entered into an agreement on September 12, 2012, that the estate would transfer thirty acres of property to Richard, approximately twenty acres north of and ten acres south of Benson Road. The court entered a consent decree on October 10, 2013, approving the parties' agreement and providing:

> A surveyor approved of by both parties shall be hired by the parties, with the costs thereof to be equally divided between the parties to establish and confirm the specific legal description of the Real Estate to be used for the deed conveying title.

A surveyor, Craig Boldman, was contacted and completed his survey prior to each party sketching out their preferences for the proposed boundaries. Nonetheless, the parties eventually agreed to the boundaries for 23.16 acres to the north, leaving 6.84 acres to the south, with those exact boundaries still in dispute. After a June 6, 2013, hearing, the district court entered an order noting the parties had "reached an agreed settlement which the Court finds to be fair and reasonable." The court then ordered the two parcels to be deeded to Richard were

---

[1] Leonard was the father of Richard. Carla is Leonard's second wife.

those shown on an attached plat of survey, as completed by the surveyor. The consent order dated June 27, 2013, was approved as to form and content by the attorneys for Richard, and the estate.

Unable to gain entry to the parcels to be deeded to Richard, the estate moved to enforce the consent decree by allowing the surveyor onto Richard's land to place markers or monuments conforming with the survey. After a January 23, 2014 hearing, the court entered an order providing the surveyor "unfettered access" to both parties' real estate,

> to verify that the monuments in place are at the points identified on the Survey attached to the Consent Order entered in this case on June 27, 2013, and any Nunc Pro Tunc Order related to that Consent Order or, when necessary, be allowed to move said monuments so that the monuments do match the points identified in the Consent Order entered in this case on June 27, 2013.

Again, the attorneys for both parties approved the order as to form and content. Richard has appealed.

## II. Standard of Review

This case was tried in equity, and therefore our review is de novo. Iowa R. App. P. 6.907. We give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by those findings. Iowa R. App. P. 6.904(3)(g).

## III. Error Preservation

On appeal, Richard contends the district court should not have ordered the surveyor be allowed to move any of the survey markers. While he agreed to the metes and bounds description of the survey attached to the settlement agreement, the markers were at variance with their prior location "pointed out" to him by the

surveyor. He claims he relied upon the markers that were in place when he entered into the settlement agreement. He asserts the settlement agreement is not enforceable as a contract because there was no meeting of the minds as to the boundaries of the parcels of land that were to be transferred to him by the estate. The estate claims this issue has not been preserved for our review.

At the beginning of the hearing on the motion to enforce the consent decree, the court stated four issues would be considered: (1) whether Richard and his spouse would be required to provide quit claim deeds to the estate; (2) whether the surveyor could enter the property to place corner markers in accordance with the survey; (3) whether Richard should be required to pay one-half of the cost of the survey; and (4) whether one of the survey drawings contained a scrivener's error. Richard did not raise the issue of whether the settlement agreement was enforceable as a contract at that time.

The surveyor testified the markers that were on the property did not match the survey that was attached to the June 27, 2013 consent order. Before he would sign and record the plat, he "would need to revisit the site and update the survey to make sure that the monuments are in the correct position," so that all corners are verified. Richard testified that at the time of the settlement agreement he consented to the parcels of property to be transferred to him based on the markers that were in the ground at that time. He stated that if the markers were moved, "It's not what I agreed to in court the previous time to this time."

From the bench, the district court ordered that the surveyor should complete his job by putting markers on the property in accordance with the survey. The court stated, "If once those pins are set and there is a problem, there are remedies

that might be available or might not be available," and those problems could be dealt with "down the road."[2]

In the written ruling on the motion to enforce the consent decree, the district court determined: (1) the surveyor should be granted unfettered access to the real estate in order to verify that the markers in place were at the points identified on the survey attached to the consent order, or if necessary, move the markers so that they matched the consent order; (2) Richard should pay one-half of the cost of the survey; and (3) Richard and his wife were not required to sign quit claim deeds. The fourth issue raised at the hearing was resolved by a nunc pro tunc order correcting the survey drawing of one of the parcels of land.

We determined that although the district court addressed the issue of whether the markers could be moved or not in order to comport with the survey attached to the consent order of June 27, 2013, the court did not address the issue Richard now raises on appeal. That issue is whether the June 2013 settlement agreement that formed the basis for the consent order is enforceable as a contract because it either lacked mutual assent or there was mutual mistake. In making his argument on appeal, he concedes he takes no issue with the metes and bounds

---

[2] In addition to the question of whether the issue Richard raises on appeal was preserved for our review, there is also a question of whether the issue is ripe for consideration. On the issue of ripeness we consider "(1) are the relevant issues sufficiently focused to permit judicial resolution without further factual development and (2) would the parties suffer any hardship by postponing judicial action." *Sierra Club Iowa Chapter v. Iowa Dep't of Transp.*, 832 N.W.2d 636, 649 (Iowa 2013). At the time of the hearing on the motion to enforce the consent decree, there was evidence the markers did not comport with the survey. The district court's statement reflects an understanding that if Richard was not in agreement with the location of the markers after they were placed so that they matched the survey, he could raise that issue at a future time. At the time of the court's statement, however, that issue was not yet ripe for adjudication. First, further factual development was needed, namely the proper placement of the markers, so the relevant issues were not sufficiently focused to permit judicial resolution. Second, there was no evidence the parties would suffer hardship by postponing judicial resolution.

description in the settlement agreement as an accurate reflection of the survey. He simply did not appreciate that the markers may need to move to comport with the legal description. Neither in its ruling from the bench nor in its written ruling did the district court address the statement Richard made during his testimony that his consent to the settlement agreement was based upon the markers that were in the ground at the time of the agreement. Furthermore, Richard did not file a post-trial motion bringing this issue to the court's attention.

"It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). In order to preserve error when the district court has not ruled on an issue, a party must file a motion requesting the court to rule on the matter. *Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 884 (Iowa 2014). If there is not a district court ruling for us to review, we will not consider an issue. *See Hill v. Fleetguard*, 705 N.W.2d 665, 671 (Iowa 2005). We conclude Richard has not preserved error on the issue he raises on appeal, and therefore, we do not consider it.

We affirm the decision of the district court.

**AFFIRMED.**