**IN THE COURT OF APPEALS OF IOWA**

No. 13-2069
Filed April 8, 2015

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**KIP MICHAEL GEORGE BRYAN,**
　　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dickinson County, David C. Larson, District Associate Judge.

Kip Bryan appeals his judgment and sentence for operating a motor vehicle while intoxicated (first offense). **AFFIRMED.**

Matthew G. Sease of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Jon M. Martin, County Attorney, and Travis S. Johnson, Assistant County Attorney, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

We must decide whether an officer "seized" a driver under the Fourth Amendment to the United States Constitution.

## I.    *Background Facts and Proceedings*

An Iowa Department of Natural Resources conservation officer was patrolling Big Spirit Lake during ice-fishing season when he saw a vehicle headed from the frozen lake towards a boat ramp.  The officer drove to the ramp and parked behind a stopped but running vehicle driven by Kip Bryan.  At the time, Bryan was speaking to a friend in a vehicle parked adjacent to him.  The officer approached Bryan.  He discerned signs of intoxication, administered a preliminary breath test and field sobriety tests, and arrested Bryan for operating a motor vehicle while intoxicated.

The State charged Bryan with operating a motor vehicle while intoxicated, first offense.  Bryan moved to suppress the test results.  Following a hearing, the district court denied the motion.  Bryan stipulated to a trial on the minutes of testimony.  The district court found him guilty and imposed judgment and sentence.  This appeal followed.

## II.    *Analysis*

Bryan contends the officer's seizure of him violated "the United States and Iowa Constitutions."  The State counters that Bryan failed to preserve error on his claim under the Iowa Constitution and there was no "seizure" under the Fourth Amendment to the United States Constitution.

We address the error preservation argument first. Bryan failed to cite the state constitution in his district court argument in favor of finding a seizure.[1] Additionally, the district court did not decide the suppression motion under the state constitution. Accordingly, we conclude error was not preserved. *See Bank of America, N.A. v. Schulte*, 843 N.W.2d 876, 884 (Iowa 2014) ("[T]he district court did not address any constitutional claims raised by [the parties]. [The parties] did not file a rule 1.904 motion with the district court for a ruling on these issues. Error has not been preserved for appellate review."); *State v. Iowa Dist. Ct.*, 801 N.W.2d 513, 518 n.2 (Iowa 2011) (confining analysis to the United States Constitution where applicant did not cite state constitution, district court issued a ruling only addressing United States Constitution, and applicant failed to file a motion to enlarge the findings).

We turn to Bryan's argument under the United States Constitution, reviewing the record de novo. *Wilkes*, 756 N.W.2d at 841. The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. Const. amend. IV. "[F]or the Fourth Amendment to apply . . . , there must first be a 'seizure.'" *Wilkes*, 756 N.W.2d at 842. "If no such seizure occurred, the motion to suppress is without merit." *Id.* at 841.

"[N]ot all personal intercourse between the police and citizens involve seizures." *Id.* at 842 (citing *Terry v. Ohio*, 392 U.S. 1, 20 (1968)). Factors

---

[1] In his trial brief, Bryan asserted, "[T]here was [no] seizure so as to implicate 4th Amendment protections." The Iowa precedent he cited in this portion of his argument decided the issue under the Fourth Amendment. *See State v. Wilkes*, 756 N.W.2d 838, 841 (Iowa 2008); *State v. Harlan*, 301 N.W.2d 717, 718 (Iowa 1981). Although he also cited an unpublished opinion of this court in which the state constitutional issue was raised, the opinion was decided under the Fourth Amendment, and Bryan exclusively quoted its Fourth Amendment holding.

pointing to a seizure include: "the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id.* at 842-43 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). On our de novo review of the record, we agree with the district court that there was no seizure under the Fourth Amendment.

The officer testified he parked approximately "18 to 20 feet" behind Bryan's vehicle, "far back enough" to allow him to see the license plate of Bryan's vehicle. While Bryan disputed this assertion, testifying the officer's vehicle was only "a couple feet" behind him, the district court found the officer's testimony more persuasive. The court cited the officer's explanation for parking a good distance behind and surmised, "[I]t is reasonable that [the officer] would have wanted to obtain the information on the license plate before approaching Mr. Bryan's vehicle." We give weight to this resolution of conflicting evidence in light of the district court's opportunity to evaluate witness credibility. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011).

The officer further testified there was nothing preventing Bryan from driving his vehicle forward, turning around, and leaving the area. *See Wilkes*, 756 N.W.2d at 844 ("[I]f the police car wholly blocks the defendant's ability to leave, then an encounter cannot be considered consensual, but where egress was only slightly restricted, with approximately ten to twenty feet between the two vehicles, the positioning of the vehicles does not create a detention." (citing *People v. Cascio*, 932 P.2d 1381, 1386-87 (Colo. 1997))). While the officer

admitted he had no intent to let Bryan leave the scene, his subjective intent is not controlling. *See id.* at 843. "[O]bjective indices of police coercion must be present to convert an encounter between police and citizens into a seizure." *Id.*; *see also State v. Harlan*, 301 N.W.2d 717, 719 (Iowa 1981) ("Once there is a seizure, it must be founded on an objective justification.").

Those objective indices were largely absent. The officer left his headlights on but did not activate his emergency lights. *See Wilkes*, 756 N.W.2d at 843 ("[T]he use of ordinary headlights at night is simply not coercive in the same manner as the activation of emergency lights which invoke police authority and imply a police command to stop and remain."); *Harlan*, 301 N.W.2d at 720 (finding no seizure in part because officer "did not turn on his red or yellow flashers but rather exited his car and walked up to" the defendant's car). Bryan's friend had no inkling the officer's vehicle was a law enforcement vehicle.

While the officer was in uniform and equipped with a gun, Bryan testified he could not tell he was a law enforcement officer until he approached the window of his vehicle. *See State v. Lowe*, 812 N.W.2d 554, 570 (Iowa 2012) ("[T]he fact that an officer shows a badge, is 'visibly armed,' or is in uniform has been given little weight in the analysis."); *Wilkes*, 756 N.W.2d at 844 ("While the fact that [the officer] was in uniform is not entirely irrelevant, the United States Supreme Court has downplayed the significance of a police uniform as a factor in determining whether an encounter is a seizure.").

The officer's initial interaction was "[v]ery casual," similar to the way he approached fishermen "a thousand times a year." *See Harlan*, 301 N.W.2d at 720 (noting the officer's initial observation of the defendant "was an innocuous

police-citizen encounter that did not implicate the Fourth Amendment"). Bryan conceded he rolled down the window of his truck without being asked to do so. The officer did not touch Bryan. *See Wilkes*, 756 N.W.2d at 842-44 (citing the use of physical force or show of authority as factors indicating a seizure); *Harlan*, 301 N.W.2d at 719 ("If an officer takes hold of a suspect, a seizure has occurred."). He did not raise his voice—a fact confirmed by Bryan's friend—and he used no amplification device to gain Bryan's attention. Because he believed Bryan had been ice fishing on the lake, he simply approached the car, sought confirmation of this belief, and asked to see Bryan's fishing license. *See Lowe*, 812 N.W.2d at 570 ("Generally, police questioning, and the responses it elicits, does not constitute a seizure." (internal citations and quotation marks omitted)). He was the only officer involved in the encounter. *See Wilkes*, 756 N.W.2d at 842 (citing "the threatening presence of several officers" as a factor indicating a seizure).

We conclude there was no seizure under the Fourth Amendment. Accordingly, the district court appropriately denied Bryan's motion to suppress. We affirm Bryan's judgment and sentence for operating a motor vehicle while intoxicated (first offense).

**AFFIRMED.**