# IN THE COURT OF APPEALS OF IOWA

No. 14-1536
Filed May 20, 2015

**U.S. BANK NATIONAL ASSOCIATION,**
**as Trustee in Trust for SASCO**
**2006-BC3 Trust Fund,**
        Plaintiff-Appellee,

**vs.**

JEREME L. LAMB, BANK OF AMERICA, N.A.,
NATIONSTAR MORTGAGE, LLC, STATE OF
IOWA, DEPARTMENT OF REVENUE, U.S.
BANK NATIONAL ASSOCIATION, as Trustee
For The C-BASS MORTGAGE LOAN ASSET-
BACKED CERTIFICATES, SERIES
2006-SL1,
        Defendants,

and

**CATHY R. CALLEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Robert J. Blink,

Judge.


        A debtor appeals summary judgment in favor of creditor in foreclosure

action. **AFFIRMED.**


        David A. Morse of Rosenberg & Morse, Des Moines, for appellant.

        David W. Nelmark of Belin McCormick, P.C., Des Moines, for appellee.

        Benjamin Hopkins of Petosa, Petosa & Boecker, L.L.P.,, Clive, for U.S.

Bank National Association.

Thomas J. Miller, Attorney General, Adam P. Humes, Assistant Attorney General, for State of Iowa Department of Revenue.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, J.**

This appeal arises out of a foreclosure action brought by U.S. Bank against Cathy Callen and Jereme Lamb for defaulting on a promissory note. The trial court granted summary judgment in favor of U.S. Bank because it found U.S. Bank could initiate this foreclosure action notwithstanding a prior judgment had been entered against Callen and Lamb for the same note. Callen appeals, asserting Iowa Code section 615.1 (2013) time-barred and effectively nullified U.S. Bank's rights as a mortgage and note holder when U.S. Bank failed to enforce the judgment in two years. We affirm the ruling of the trial court.

## I. Background Facts and Proceedings

Callen and Lamb executed a promissory note for real property in 2006. The note was secured by a mortgage encumbering the property. Callen and Lamb defaulted on the note, and it is undisputed they have not made payments in several years. U.S. Bank filed a foreclosure action and obtained an in rem judgment and decree of foreclosure against Callen and Lamb in February 2010. It attempted to sell the property at sheriff's sale twice, but each sale was postponed and each execution was returned unsatisfied. U.S. Bank filed a notice of rescission in March 2012.

Seeking another decree of foreclosure for the same note, U.S. Bank initiated the current foreclosure action in October 2013. U.S. Bank moved for summary judgment, asserting no genuine dispute of material fact existed as to Callen and Lamb's default or U.S. Bank's ability to foreclose. The trial court

granted summary judgment and thereafter granted U.S. Bank a second in rem judgment and decree of foreclosure.[1]  Callen appeals.

## II.    Summary Judgment

We review a trial court's grant of summary judgment for correction of errors at law.  *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 6 (Iowa 2014).  Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  *Id.* We view the record "in the light most favorable to the nonmoving party."  *Lloyd v. Drake Univ.*, 686 N.W.2d 225, 228 (Iowa 2004).

Callen asserts summary judgment was improper because Iowa Code section 615.1 nullified any rights U.S. Bank, as the mortgage and note holder, held after it failed to enforce its judgment or file its notice of rescission within two years.  U.S. Bank disputes section 615.1's applicability and the relevance of when it filed the notice of rescission but contends that even if a statute of limitations eliminated their ability to enforce the February 2010 judgment lien, they can still enforce the underlying mortgage lien by obtaining a new judgment in the present proceedings.

Iowa Code section 615.1 governs judgment liens.  It prescribes a "special statute of limitations that was passed with the legislative purpose of aiding judgment debtors."  *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014).  It states, in relevant part, that "[a]fter the expiration of a period of two years from the date of entry of *judgment* . . . a *judgment* entered in [an action for

---

[1] Neither of the judgments entered against the defendants included personal judgments.

the foreclosure of the real estate mortgage] shall be null and void, all liens shall be extinguished, and no execution shall be issued except as a setoff or counterclaim." Iowa Code § 615.1(a) (emphasis added).

Iowa Code section 654.17 concerns the rescission of the foreclosure action. It provides that "[a]t any time prior to the recording of the sheriff's deed, and before the mortgagee's rights become unenforceable by operation of the statute of limitations, the judgment creditor . . . may rescind the foreclosure action by filing a notice of [rescission]." *Id.* § 654.17(1). A timely notice of rescission operates to extinguish the judgment.

> Our case authority has adhered to the rule that a creditor does not lose its lien on the debtor's property by taking a judgment. The mortgage remains a lien until the debt it was given to secure is satisfied. Thus, the mortgage is not affected by a judgment taken on the note.

*Brenton State Bank of Jefferson v. Tiffany*, 440 N.W.2d 583, 586 (Iowa 1989) (internal citations omitted). So, hypothetically, even if section 615.1 extinguished the judgment lien arising out of the mortgage, the mortgage lien remained enforceable. Likewise, whether or not U.S. Bank timely rescinded the judgment pursuant to section 654.17[2] does not affect the validity or enforceability of its mortgage lien on the property.

---

[2] Section 654.17(1) was recently interpreted by our supreme court. In *Bank of America v. Schulte*, the court considered whether section 654.17(1)'s requirement that a notice of rescission be filed "before the mortgagee's rights become unenforceable by operation of the statute of limitations" referred to section 615.1's two-year statute of limitations or Iowa Rule of Civil Procedure 1.1013(1)'s one-year statute of limitations. 843 N.W.2d at 880. In holding that rule 1.1013(1) did not apply, the court affirmed the district court without deciding which specific statute of limitations applied because Bank of America's rescission was at least filed within the two years mandated by section 615.1. *Id.* at 883

The district court made no errors at law in concluding no genuine issue of material fact existed and granting summary judgment for U.S. Bank who, as the holder of the note and mortgage, had the right to initiate the current foreclosure proceedings.

**III.    Conclusion**

Neither section 615.1 nor 654.17 operated to prevent U.S. Bank from obtaining a decree of foreclosure against Callen.   The district court properly granted summary judgment to the bank.

**AFFIRMED**.

---

n.4 (noting that section 614.1(5)'s ten-year statute of limitations or 614.21's twenty-year statute of limitations may apply to the notice of rescission, but declining to decide).