**IN THE COURT OF APPEALS OF IOWA**

No. 14-1492
Filed June 10, 2015

**IN THE MATTER OF THE ESTATE OF GALEN W. BEITZ, DECEASED**

**JAMES R. BEITZ,**
    Claimant-Appellant.
_____

Appeal from the Iowa District Court for Delaware County, John J. Bauercamper, Judge.

A beneficiary appeals from a district court order denying his claims of promissory estoppel and restitution against the decedent's estate. **AFFIRMED.**

Peter C. Riley of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Randall A. Nazette and Marty A. Hagge, Cedar Rapids, for appellee.

Considered by Danilson, C.J., and Vaitheswaran and Doyle, JJ.

**DOYLE, J.**

Galen Beitz, the father of James Beitz and three other children, passed away in October 2012.[1] Galen's will left one-half of his farm equipment, machinery, livestock, grain, crops, and inventory to James, with whom he farmed, and the other one-half to James's three siblings. The will left Galen's interest in the homestead and farmland in equal shares to the four children, with James having the right of first refusal to purchase the real estate.

In February 2013, James filed claims against the estate in probate. In his first claim, James asserted, based upon the promises of his parents, he was entitled to all of Galen's farmland, or damages based on his reliance on those promises. In his second claim, he sought compensation of approximately $55,000 for expenses for repairs, services, and equipment advanced on behalf of Galen, and for improvements he made to the farm real estate and house.[2] James did not file a petition to set aside Galen's will; rather, his claims were based upon promissory estoppel and restitution. Thereafter, the estate disallowed James's claims. It also filed notice of affirmative defenses, including the statute of frauds.

James's claims were tried to the district court in June 2014. Thereafter, the court entered its order denying all of James's claims against the state for

---

[1] Galen's wife, the mother of the four children, died in November 2011. She bequeathed her entire estate to James, with life use of the home to Galen.
[2] This claim was later amended to include claims for expenses for repairs and services advanced on behalf of the estate to maintain or improve the farm real estate.

compensation. However, it confirmed James had the right of first refusal in the event of the sale of estate real estate.[3]

James now appeals, contending the district court erred in denying his estoppel claims for lost opportunities based upon his father's promises and compensation for expenses. The estate responds that James's promissory estoppel claims are not permitted in probate, but in any event, the district court correctly determined his claims lacked merit.

Contested claims in probate are tried and reviewed at law. Iowa Code § 633.33 (2011); *see also In re Barkema Trust*, 690 N.W.2d 50, 53 (Iowa 2004) (citing Iowa Code § 633.33). Our review of actions tried at law is for the correction of errors at law. *See* Iowa R. App. P. 6.907. The district court's factual findings are binding on this court if supported by substantial evidence. Iowa R. App. P. 6.904(3)(a).

Here, even assuming without deciding promissory estoppel claims are permitted in probate proceedings, we agree with the district court's rejection of James's claims. The district court addressed the elements of a promissory-estoppel claim, which includes a reliance element, and it concluded:

> James claims that Galen promised that the farm would be his someday. There was no evidence as to how James was to acquire the farm, whether it be by sale, gift, or inheritance. Furthermore, there was no evidence as to whether James might be required to pay something, whether it be full or partial value for it, or perform certain services. Galen could have considered the provision in his will granting James a first right of refusal in the event of sale as fulfilling his promise. Therefore, the court

---

[3] The parties agreed that there were no issues regarding the right of first refusal granted in the will to James regarding the sale of real estate that needed to be resolved by the court. The estate agreed that if any farm land is offered for sale, James will have the right to match any offer.

concludes that James's evidence is lacking on the first element, [whether the promise was clear and definite].

Element two requires proof that Galen understood that James wanted assurance that he could rely on the promise. However, the evidence suggests that Galen focused on the financial soundness of acquiring more farmland based upon market conditions and the giving of advice to James, rather than as an assurance.

Element three concerns James's reliance on the promise and the reasonableness of that reliance. His participation in the farming operation with his father spanned a period of about twenty-eight years, with no concrete action taking place to either firm up the details of the promise or the manner in which it would be carried out. Under those circumstances, reliance has not been shown to be reasonable or justifiable.

Element four requires the application of equitable principles to prevent an injustice. The evidence shows that James received many benefits from farming with his parents. He had the use of their land, buildings, machinery, and equipment. When he did pay rent for farmland, he rented at favorable rates and terms. He had the benefit of a home without paying rent. He was still able to acquire additional land, machinery, and equipment, plus make improvements based upon his earnings. James took income tax deductions for most of these expenses and received tax benefits.

Alternatively, [James] argues that he should be reimbursed for the money spent by him between the years of 1995 and the decedent's death for machinery, building, and fence repairs, plus services and equipment. As discussed above, both parties benefited from the contributions each made to the farming operations on this family farm. The exact nature and financial details of their business arrangements over this extended period of time were not placed in evidence. There was no evidence of any agreement to reimburse him for these items, or any relevant documents to support a promise to pay.

We agree with the district court's resolution of these issues.

Additionally, the district court did not specifically address expenses paid by James after Galen's death, nor did it explicitly discuss any claims of restitution or unjust enrichment. However, James did not file an Iowa Rule of Civil Procedure 1.904(2) motion to amend or enlarge the court's ruling to address those issues.

> "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002); *see also State v. Mulvany*, 600 N.W.2d 291, 293 (Iowa 1999) ("[W]e require error preservation even on constitutional issues."). To preserve error on even a properly raised issue on which the district court failed to rule, "the party who raised the issue must file a motion requesting a ruling in order to preserve error for appeal." *Meier*, 641 N.W.2d at 537.

*Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883-84 (Iowa 2014). Consequently, to the extent James asserted these issues before the district court, he failed to preserve them for our review. *See id.*

We have considered James's arguments, whether or not set forth explicitly herein, and we affirm the judgment of the district court. *See* Iowa Ct. R. 21.26(a), (b), (d), and (e).

**AFFIRMED.**