# IN THE COURT OF APPEALS OF IOWA

No. 16-0822
Filed March 8, 2017

**METAL DESIGN SYSTEMS, INC.,**
    Plaintiff-Appellee,

**vs.**

**D&G METAL WORKS, INC.,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Robert E. Sosalla, Judge.

D&G Metal Works, Inc. appeals the district court award of interest to Metal Design Systems, Inc. **AFFIRMED.**

Joseph G. Martin of Swisher & Cohrt, P.L.C., Waterloo, for appellant.

Kevin J. Caster, Dana L. Oxley, and Jeffrey M. Beatty of Shuttleworth & Ingersoll, P.L.C., Cedar Rapids, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

D&G Metal Works, Inc. (D&G) was hired to remodel an automobile dealership. D&G required aluminum composite metal panels and contracted with Metal Design Systems, Inc. (Metal Design) to supply the panels. Disputes arose over conformance of the panels to the required specifications and payment. Metal Design sued D&G for breach of contract and breach of express and implied warranties. The trial was held April 6 and 7, 2015. The district court found Metal Design was entitled to the remaining amount under the contract, offset by D&G's counterclaim, leaving Metal Design with an award of $36,205.75. The district court also awarded Metal Design eighteen percent interest per annum on the award, which was to be calculated from November 10, 2012, pursuant to the terms of the contract. D&G appeals only the interest award, claiming interest damages should not have been awarded as Metal Design's damages were not complete or liquidated any time before judgment.

D&G claims error was preserved by raising the issue of interest during opening arguments. "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) (citation omitted). Metal Works claims D&G did not raise the issue "with sufficient specificity to alert the court to the claimed error." *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 52 (2006). D&G also claims the notice of appeal indicated interest was the subject of the appeal.

However, "the notice of appeal has nothing to do with error preservation." *Id* at 48 (footnote omitted)*.*

D&G's opening statement asked the district court to "consider Iowa Code section 554.2717," which D&G described as "basically an offset provision." D&G also asked the district court "to consider on the terms of additional labor required" a case they claimed "stands for the proposition that under [Uniform Commercial Code] cases, increased labor costs are recoverable." Finally, D&G asked the district court to consider *Carson v. Roediger*, 513 N.W.2d 713, 714 (Iowa 1994), which trial counsel argued "basically stands for the proposition that where a person is barred from recovery of a debt, the individual [is] equally barred from recovering interest on the debt." Using *Carson*, D&G's trial counsel asked "for an offset before finance charges are considered." While we agree with D&G that interest was touched upon in the opening statement, we find the issue was not raised "with sufficient specificity to alert the court to the claimed error" and so error was not preserved. Mayes & Vaitheswaran, 55 Drake L. Rev. at 52. Pursuant to Iowa Court Rule 21.26(1)(a) and (e), we affirm the district court.

**AFFIRMED.**