# IN THE COURT OF APPEALS OF IOWA

No. 16-0972
Filed August 16, 2017

**JENNIFER MILLER,**
    Plaintiff-Appellant,

**vs.**

**NATIONAL PROPERTY MANAGEMENT CORPORATION and SCHOOLER ENTERPRISES, L.P., d/b/a SCOTCHVIEW MANOR APARTMENTS,**
    Defendants-Appellees.

_____

Appeal from the Iowa District Court for Warren County, Randy V. Hefner, Judge.

Jennifer Miller appeals the district court's denial of relief from a violation of a motion in limine. **AFFIRMED.**

S.P. DeVolder of The DeVolder Law Firm, Norwalk, for appellant.

J. Campbell Helton of Helton Law Firm P.L.L.C., Des Moines, for appellees.

Heard by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Appellant Jennifer Miller appeals the district court's denial of relief from a violation of a motion in limine regarding Miller's prior drug use. We find error was not preserved and affirm the district court.

### I. Background Facts and Proceedings.

Jennifer Miller was a tenant at Scotchview Manor Apartments, owned by Schooler Enterprises, L.P. (Schooler), and managed by National Property Management Corporation (National). Miller sued Schooler and National for breach of duty to maintain habitable premises and other negligence based claims. On March 7, 2016, the district court granted a motion in limine regarding "evidence of prior criminal history."[1] When granting the motion the court said, "I think, as a preliminary matter, until I hear what these experts have to say, I'm going to grant the motion to not refer to marijuana use during opening or voir dire." The court further explained, "Before we taint this jury panel, I want to know what these experts are going to say about the unique hazard associated with marijuana use to your lungs."

The trial was held May 3-6, 2016. During the trial, Schooler and National cross-examined Miller's physician on the effect drugs can have on the body:

> Q: Smoking meth would introduce toxins into the body, wouldn't it?
> A: That's right.
> Q: Smoking marijuana would cause toxins into the body, wouldn't it? A: Yes.
> Q: Smoking pot would contribute to upper respiratory problems, wouldn't it? A. I don't know for sure . . . .
> Q: And if someone purchased marijuana on the street, that wouldn't be a regulated drug [like cigarettes], right? A: That's true.

---

[1] Miller had a drug charge relating to the possession of prescription drugs.

Q: And do you know that some unscrupulous drug dealers might put something into their drugs to make them more addictive, right?
A: In the same way food companies do too.

Miller did not object to the testimony at the time of trial. The district court excused the jury near the end of the physician's testimony, stating the defense had not violated the motion in limine, but the rest of the testimony would first be heard without the jury.

The district court told the parties, "I'm bothered by suggesting to this jury through cross-examination or otherwise that Ms. Miller is a meth user or uses marijuana, contrary to my previous ruling." The district court agreed defense counsel had not violated the original motion in limine but expanded the motion in limine to include "any reference to illegal drugs unless there's a foundation established sooner, before that reference." It reasoned the defendants could make the same points by using Miller's history of smoking cigarettes to prove the same negative health effects without raising the issue of illegal drugs. However, the district court stated it would hear any testimony that showed a causal effect between the use of marijuana and health effects and rule on it after it heard the evidence. At this time, Miller moved to strike the previous questions.

MR. SPRINGER: And, in light of your ruling, I would like to make a motion either to strike some of the questions that were asked, or—because of the innuendos—or an instruction to the jury, something regarding the fact that there was really no purpose. I let it go because he didn't cross that line, but there is definitely an innuendo here that there was marijuana brought up, there was meth brought up.

THE COURT: Well, in it—during that there was no objections, so I'm not going to strike anything that's been said, any testimony that's been given up to this point. In terms of an instruction, I'll deal with that at the end of the trial when I know what all the evidence, including what Mr. Belton's experts are going to say.

The jury returned a verdict in favor of Miller. The verdict form stated Schooler and National were at fault and caused Miller's damages. However, the jury also found Miller was at fault for her failure to move out of the apartment, and the jury assigned Miller eighty percent fault and awarded her no damages. Miller now appeals.

## II. Standard of Review.

Evidentiary rulings by a trial court are reviewed for an abuse of discretion. *State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015); *State v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011). "An abuse of discretion occurs 'when the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'" *State v. Miller*, 841 N.W.2d 583, 586 (Iowa 2014) (quoting *Rowedder v. Anderson*, 814 N.W.2d 585, 589 (Iowa 2012)).

## III. Error Preservation.

Miller claims error was preserved by the original motion in limine. Schooler and National claim Miller did not raise the issue "with sufficient specificity to alert the court to the claimed error." *See* Thomas A. Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 52 (2006). "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Bank of Am., N.A. v. Schulte*, 843 N.W.2d 876, 883 (Iowa 2014) (citation omitted).

> Ordinarily, error claimed in a court's ruling on a motion in limine is waived unless a timely objection is made when the evidence is

offered at trial. However, "where a motion in limine is resolved in such a way it is beyond question whether or not the challenged evidence will be admitted during trial, there is no reason to voice objection at such time during trial. In such a situation, the decision on the motion has the effect of a ruling."

*State v. Alberts*, 722 N.W.2d 402, 406 (Iowa 2006) (quoting *State v. Miller*, 229 N.W.2d 762, 768 (Iowa 1975)).

Miller argues the motion in limine was resolved "beyond question" and the court had ruled the challenged evidence would not be admitted at trial. *See Miller*, 229 N.W.2d at 768. But, when granting the original motion in limine, the court stated, "*[A]s a preliminary matter*, until I hear what these experts are going to say, I'm going to grant the motion to not refer to marijuana during opening or voir dire. . . ." (emphasis added). Our supreme court has held if the motion in limine does not close an avenue of inquiry but only requires further permission from the court to present the evidence, a party must object to preserve the error for appellate review. *Johnson v. Interstate Power Co*, 481 N.W.2d 310, 317 (Iowa 1992). The district court did not outright bar the discussion of drugs, but rather required the defense to show what they would offer in evidence before the jury could hear the testimony. The district court did not resolve the issue of drug related evidence "beyond question" and so Miller was required to object to preserve error. *See Miller*, 229 N.W.2d at 768. Miller did not object, therefore, error was not preserved. *See Alberts*, 722 N.W.2d at 406.

**AFFIRMED.**